UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNIVERSITY SPINE CENTER,** *on assignment of Kim W.,*<br><br>    **Plaintiff,**<br><br>vs.<br><br>**ANTHEM BLUE CROSS BLUE SHIELD,**<br><br>    **Defendant.** | Civ. No. 2:17-cv-9108-KM-MAH<br><br>**OPINION**<br>(Amended) |

**KEVIN MCNULTY, U.S.D.J.:**

  Plaintiff University Spine Center (alternatively, "the Center"), brings this ERISA action "on assignment of Kim W.," its patient. The Complaint alleges that Kim W.'s insurer, Anthem Blue Cross Blue Shield ("Anthem BCBS"), did not provide appropriate reimbursement for medical services provided to Kim W. by the Center. Now before the court is Anthem BCBS's motion to dismiss the complaint. Anthem BCBS argues that the Center lacks standing to sue and that its Complaint fails to state a claim on which relief can be granted.

### I. BACKGROUND

  Solely for purposes of this motion to dismiss, the allegations of the complaint are assumed to be true and all inferences are drawn in favor of the plaintiff.

  Plaintiff University Spine Center is a health care provider in Passaic, New Jersey. (Compl. ¶ 1). Defendant Anthem BCBS is primarily in the business of providing and administering health plans or policies. (Compl. ¶ 2). Anthem BCBS engages in significant business in New Jersey. (Compl. ¶ 2).

1

On October 22, 2015, University Spine Center provided medically necessary and reasonable services to Kim W. (referred to herein as "Patient") (Compl. ¶ 4). Patient underwent revision lumbar laminectomies, repair of dural tear, posterior spinal fusion, posterior interbody fusion, application of mechanical cage, posterior segmental instrumentation using pedicle screws, and other related procedures. (Compl. ¶ 5).

University Spine Center obtained an "Assignment and Release" from Patient, which enabled the Center to bring this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002, *et seq.* ("ERISA"). (Compl. ¶ 6). The "Assignment and Release" provides as follows:

> I, the undersigned, certify that I (or my dependent/s) have coverage with _____ and assign directly to University Spine Center, all insurance benefits, if any, otherwise payable to me for the services rendered. I understand that I am financially responsible for all charges, whether or not paid by insurance. I hereby authorize the doctor to release all information necessary to secure the payment of benefits. I authorize the use of this signature on all insurance submissions.

(Compl. ex. B). Pursuant to that assignment of benefits, the Center prepared and submitted to Anthem BCBS certain Health Insurance Claim Forms ("HICFs") formally demanding reimbursements totaling $196,448.00 for the services rendered to Patient. (Compl. ¶ 7). Anthem BCBS reimbursed the Center for $17,582.26. (Compl. ¶ 8). University Spine Center engaged in Anthem BCBS's administrative appeals process and also requested from Anthem BCBS the summary plan description, plan policy, and identification of the plan administrator or plan sponsor. (Compl. ¶¶ 9-10).

Anthem BCBS did not remit the total payment demanded and also did not produce the requested documents or information. (Compl. ¶ 11). The Center alleges that Anthem BCBS underpaid by $178,865.74. (Compl. ¶ 13).

The Center's Complaint asserts two causes of action:

- Count 1 asserts a claim for alleged underpayment under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). (Compl. ¶¶ 15-23).

2

- Count 2 asserts a claim for breach of fiduciary duty under ERISA §§ 404(a)(1), 405(a), 502(a)(3), 29 U.S.C. §§ 1104(a)(1), 1105(a), 1132(a)(3). (Compl. ¶¶ 24-32).

University Spine Center seeks $178,865.74 in damages, plus interest, attorneys' fees, and costs of suit, as well as any other appropriate relief. Now before the court is Anthem BCBS's motion to dismiss the complaint. (ECF No. 8).

## II. LEGAL STANDARDS

### A. Rule 12(b)(1) Standard

Motions to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may be raised at any time. *Iwanowa v. Ford Motor Co.,* 67 F. Supp. 2d 424, 437-38 (D.N.J. 1999). Such Rule 12(b)(1) challenges may be either facial or factual attacks. *See* 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa*, 67 F. Supp. 2d at 438. "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). The standard on a facial attack, then, is similar to the one that would govern an ordinary Rule 12(b)(6) motion.[1]

---

[1] A factual attack, on the other hand, permits the Court to consider evidence extrinsic to the pleadings. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified on other grounds by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003). In that context, "Rule 12(b)(1) does not provide plaintiffs the procedural safeguards of Rule 12(b)(6), such as assuming the truth of the plaintiff's allegations." *CNA v. United States*, 535 F.3d 132, 144 (3d Cir. 2008).

For further explication of the distinction between a facial and a factual attack, *see Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

Anthem BCBS alleges, based on the allegations of the Complaint and attached exhibits, that the assignment from Patient to the Center does not create standing. That is a facial challenge to standing, and it is properly analyzed under a Rule 12(b)(6) standard.

**B. Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Sci. Prods., Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *N. Jersey Carpenters & the Trs. Thereof v. Tishman Constr. Corp. of N. Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' … it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

Section III.A discusses whether University Spine Center has standing to sue Anthem BCBS. Section III.B discusses whether the Center's Complaint states a claim for additional reimbursement.

### A. University Spine Center's Standing to Sue Anthem BCBS under ERISA § 502(a)

University Spine Center has standing to sue Anthem BCBS for payment of services rendered to Patient pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a). Section 502(a) of ERISA empowers "a participant or beneficiary" to bring a civil action "to recover benefits due to him under the terms of his plan." ERISA § 502(a), 29 U.S.C. 1132(a); *see Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004). A "participant" is defined in the statute:

> [A "participant" is] any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

ERISA § 3(7), 29 U.S.C. § 1002(7). A "beneficiary" is statutorily defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." ERISA § 3(8), 29 U.S.C. § 1002(8). Healthcare providers that are neither participants nor beneficiaries in their own right may obtain derivative standing by assignment from a plan participant or beneficiary. *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 176 n.10 (3d Cir. 2014).

The parties dispute whether the "Assignment and Release" signed by Patient provides University Spine Center with standing to sue Anthem BCBS for payment under ERISA § 502(a), 29 U.S.C. § 1132(a). The "Assignment and Release" clearly assigns to the Center "all insurance benefits, if any, otherwise payable to me [*i.e.,* Patient Kim W.] for the services rendered." (Compl. ex. B).

Under Third Circuit precedent, such an assignment gives the Center standing to sue the insurance company for underpayment under ERISA § 502(a):

> [W]hen a patient assigns payment of insurance benefits to a healthcare provider, that provider gains standing to sue for that payment under ERISA § 502(a). An assignment of the right to payment logically entails the right to sue for non-payment.... After all, the assignment is only as good as payment if the provider can enforce it.

*N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372-73 (3d Cir. 2015); *see also Franco v. CIGNA*, 647 F. App'x 76, 81-82 (3d Cir. 2016) (same); *Tango Transp. v. Healthcare Fin. Servs. LLC*, 322 F.3d 888, 889 (5th Cir. 2003) (holding that an assignment reading "I hereby assign payment of hospital benefits directly to Mississippi Baptist Medical Center herein specified and otherwise payable to me" encompassed the right to sue the insurer); *I.V. Servs. of Am., Inc. v. Inn Dev. & Mgmt.*, 182 F.3d 51, 54 n.3 (1st Cir. 1999) (holding that an assignment of the right to payment only "easily clear[ed]" the low hurdle of a "colorable claim" for derivative standing, and the argument that an assignment to receive payment did not include the right to file suit "wrongly conflate[d] two distinct inquiries" as to standing and scope).

In *New Jersey Brain & Spine Center*, the Third Circuit found that the following language, signed prior to surgery, constituted an assignment that was sufficient to grant the health care provider, New Jersey Brain & Spine Center ("NJBSC") standing to sue under ERISA:

> I authorize [NJBSC] to appeal to my insurance company on my behalf.... I hereby assign to [NJBSC] all payments for medical services rendered to myself or my dependents.

*N. Jersey Brain & Spine Ctr.*, 801 F.3d at 371-73. The "Assignment and Release" in this case, which was also signed prior to treatment, is similar.

I do not agree with Anthem BCBS that additional requirements of specificity must be met under the circumstances. In particular, Third Circuit precedent does not squarely require a post-treatment assignment document, additional text specifying the scope of assignment, or an identification of the

insurer by name in the text of the assignment.[2] Nor is there a meaningful distinction to be drawn between the right to receive payment and the right to sue if it is not received; the Third Circuit has held explicitly that "[a]n assignment to receive payment of benefits necessarily incorporates the right to seek payment…." *Id.* (citing *I.V. Servs. Of Am., Inc. v. Inn Dev. & Mgmt.*, 7 F. Supp. 2d 79, 84 (D. Mass. 1998)).

I therefore reject the facial jurisdictional challenge of Anthem BCBS and find that standing has been adequately alleged.

### B. Pleading Entitlement to Additional Reimbursement under ERISA

University Spine Center has not made sufficient allegations to support a claim for additional reimbursement under the plan. The District of New Jersey has dismissed ERISA claims where plaintiffs failed to cite to specific plan provisions. "It is the Plaintiff's burden of proof to have the plan documents and cite to specific plan provisions when filing a civil complaint to obtain ERISA benefits." *Ruiz v. Campbell Soup Co.*, No. 12-cv-6131, 2013 WL 1737242, at *3 (D.N.J. Apr. 22, 2013) (citing *Broad St. Surgical Center, LLC v. UnitedHealth Grp., Inc.*, No. 11-cv-2775, 2012, WL 762498, at *15 (D.N.J. Mar. 6, 2012)).

---

[2]  Defendant cites an opinion filed by my senior colleague, District Judge Susan D. Wigenton, in which standing was denied based on the lack of such additional elements in a written assignment. *University Spine Center v. Empire Blue Cross Blue Shield,* Civ. No. 17-7573, 2018 WL 615676 at *2 (D.N.J. Jan. 29, 2018) (*app. filed.,* 3d Cir. Feb. 22, 2018). That result was reached without significant discussion, however, and Judge Wigenton seemed to harbor doubts about whether the assignment was adequately alleged to have applied to the particular services in question. The assignment was signed a month prior to the rendering of the services, and the administrative appeals process, at least, was clouded by multiple claim numbers that the Complaint did not explain. *See id.* *2 and n.1.

Taking the allegations of this complaint at face value, as I must, I find that it adequately alleges facts from which it can be inferred that this assignment was intended to apply to these services. Defendant suggests no alternative scenario (for example, other claims, providers, or insurers to which the assignment might have applied). And it is alleged that, on the basis of this assignment, the Center participated in the submission of claims and the administrative appeals process as to *these* particular services, with *this* particular insurer. (*See* Cplt. ¶¶ 7–10 & Exs. C, D, E.)

> A plaintiff seeking to recover under section 502(a)(1)(B) must demonstrate that the benefits are actually 'due'; that is, he or she must have a right to benefits that is legally enforceable against the plan" and that the plan administrator improperly denied him or her those benefits. *Hooven v. Exxon Mobil Corp.*, 465 F.3d 566, 574 (3d Cir. 2006). "ERISA's framework ensures that employee benefit plans be governed by written documents and summary plan descriptions, which are the statutorily established means of informing participants and beneficiaries of the terms of their plan and its benefits." *In re Unisys Corp. Retiree Medeical Ben. ERISA Litigation*, 58 F.3d 896, 902 (3d Cir. 1995).

*Broad St. Surgical Ctr*, 2012 WL 762498, at *13; *see also Manning v. Sanofi-Aventis, U.S. Inc.*, No. 11-cv-1134, 2012 WL 3542284, at *3 (M.D. Pa. Aug. 14, 2012) ("To state a claim under § 502(a)(1)(B), plaintiff must allege that she was eligible for benefits under the Plan, that defendant wrongfully denied her benefits and that in doing so, defendant violated § 502(a)(1)(B).").

The Center fails to meet this standard. As discussed previously, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plain language of ERISA section 502(a)(1)(B) requires a plaintiff to demonstrate his or her entitlement to "benefits due to him under the terms of his plan." ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). To that end, the Third Circuit has explained that, "to assert an action to recover benefits under ERISA, a plaintiff must demonstrate that 'he or she [has] a right to benefits that is legally enforceable against the plan.'" *Saltzman v. Indep. Blue Cross*, 384 F. App'x 107, 111 (3d Cir. 2010) (quoting *Hooven v. Exxon Mobil Corp.*, 465 F.3d 566, 574 (3d Cir. 2006)).

The Center's claims lack the necessary allegations to set forth an ERISA claim. The Center states in conclusory terms that it has been underpaid. True, the Complaint points to large disparity between the amount claimed by the Center and the amount of Anthem BCBS's reimbursement. That disparity alone, however, does not properly support a claim for relief. The Center does

not point to the specific plan provisions that, in its view, plausibly entitle it to a greater sum of money.

Several courts have dismissed similarly pled ERISA claims. I provide some examples. In *Piscopo v. Pub. Serv. Elec. & Gas Co.*, the court dismissed plaintiff's ERISA section 502(a)(1)(B) claim for wrongful denial of pension and retirement benefits, where, *inter alia*, the plaintiff failed to identify "any provision of [the plan] suggesting he is entitled to pension or retirement contributions nor has he alleged any facts about the plan." No. 13-cv-552, 2015 WL 3938925, at *5 (D.N.J. June 25, 2015), *aff'd*, 650 F. App'x 106 (3d Cir. 2016). In *McDonough v. Horizon Blue Cross Blue Shield of N. Jersey, Inc.*, the court dismissed plaintiff's claim for underpayment of benefits under ERISA section 502(a)(1)(B), where the complaint "fail[ed], under Rule 8(a), to give notice of what [the defendant] did in contravention of the terms of the health plan and/or in violation of ERISA." No. 09-cv-571, 2009 WL 3242136, at *3 (D.N.J. Oct. 7, 2009). In *Prof'l Orthopaedic Assocs., PA v. 1199SEIU Nat'l Benefit Fund*, the Second Circuit affirmed the district court's dismissal of the plaintiff's ERISA section 502(a)(1)(B) claim where the complaint alleged that the defendant was "required to pay the 'usual, customary and reasonable rates' for services rendered by the out-of-network providers … but it fail[ed] to identify any provision in the plan documents requiring the [defendant] to pay such rates." 697 F. App'x 39, 41 (2d Cir. 2017).

The Center responds that it should not be held to these pleading requirements, because Anthem BCBS has not provided the plan documents to the Center:

> It would be perverse for Defendant to be permitted to successfully argue that the very documents Plaintiff attempted to obtain from them, but which they did not provide, need to be cited back to them chapter and verse so that they might be deemed to have been given "fair notice" ….

(ECF No. 11, p. 7). However, it is the Center's obligation to do the necessary pre-Complaint investigation so that it can meet the minimal pleading standards

9

of *Twombly* and *Iqbal.* It appears that the Center did not do that investigation, but instead requested the documents from the wrong entity.

ERISA provides that "*the administrator* shall, upon written request of any participant or beneficiary furnish a copy of the latest updated summary[] plan description …." ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4) (emphasis added). ERISA section 502(c)(1) authorizes imposition of penalties against an "*administrator*" who fails to comply with such a written request. ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1) (emphasis added).

Anthem BCBS is not an "administrator" within the meaning of ERISA.

The term "administrator" means—

(i) the person specifically so designated by the terms of the instrument under which the plan is operated;

(ii) if an administrator is not so designated, the plan sponsor; or

(iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A); *see Tannenbaum v. Unum Life Ins. Co. of Am.*, No. 3-cv-1410, 2010 WL 2649875, at *10 (E.D. Pa. June 30, 2010).

The Center does not allege—or plead facts to support an allegation—that Anthem BCBS is the plan administrator or plan sponsor. (Compl. ¶ 10). Rather, the Center alleges that Anthem BCBS "is, at a minimum, the Claims Administrator" and demands that Anthem BCBS identify the plan administrator. (Compl. ¶¶ 10, 12). Even assuming that Anthem BCBS is the claims administrator, the Center has not shown that Anthem BCBS is the plan administrator obligated under ERISA to provide the Center with the plan documents. *See Tannenbaum,* 2010 WL 2649875, at *10; *see also Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 945 (9th Cir. 2008) (finding that insurance company that made benefits determinations under employer's ERISA plan as insurer could not be liable under section 1132(c)(1) because it was not "the plan administrator"); *Krauss v. Oxford Health Plans, Inc.*, 517 F.3d 614, 631 (2d Cir. 2008) (finding that plaintiffs could not recover statutory damages

under ERISA section 502(c)(1) against insurance company that served as claims administrator for ERISA plan because defendant was "not a plan 'administrator' within the meaning of ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1).").

It is the plaintiff's duty to cite specific plan provisions that entitle the plaintiff to recovery—and it is the plaintiff's duty to obtain the necessary plan documents needed to make this case. Should it be shown that a person or entity required to furnish such documentation failed to do so, that would be a different matter, and the Court might address it. But as things stand, the Plaintiff has not shown that it has requested documents from the plan administrator that would permit it to identify plan provisions that demonstrate why a larger reimbursement is warranted.

### C. Breach of Fiduciary Duty

The Center failed to properly plead its underpayment claim. It is thus unnecessary to address whether Anthem BCBS has breached its fiduciary duty or whether the Center has standing to sue Anthem BCBS on such a claim. Absent a plausible claim for additional reimbursement, I cannot evaluate any alleged associated breach of fiduciary duty claim.

### IV. CONCLUSION

For the foregoing reasons, defendant Anthem BCBS's motion to dismiss the Complaint for failure to state a claim is granted without prejudice to the filing of an amended complaint within sixty days.

    /s/ Kevin McNulty
**KEVIN MCNULTY**
**United States District Judge**